# 99 DTA 158

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**

NELLY SANTIAGO, POR SI Y COMO MADRE CON PATRIA POTESTADDE LOS NIÑOS
YADELIES Y LUIS, HEREDEROS DE LUIS BARNECET
Demandantes

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO Y JUAN DEL PUEBLO
Demandados

Núm. KLAN-99-00196

San Juan, Puerto Rico, a 12 de mayo de 1999

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano
y los Jueces Aponte Jiménez y Giménez Muñoz

Giménez Muñoz, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Se cuestiona la corrección de la sentencia emitida por el Tribunal de Primera Instancia que concedió

inmunidad al Estado Libre Asociado por la actuación de un Registrador de la Propiedad al anotar una sentencia en el Libro de Sentencias del Registro.

# I

El 9 de diciembre de 1976 la Sra. Nelly Santiago, por sí y como administradora judicial de la sucesión Barnecet, inició acción de daños y perjuicios contra el Estado Libre Asociado de P.R. Alegó, y se desprende de la sentencia que se emitiera el 19 de marzo de 1995, que la señora Santiago había presentado una instancia al Registrador de la Propiedad, sección de Caguas, solicitando la anotación de la sentencia que había sido emitida contra el señor Cruz Figueroa y Marina Figueroa, caso ECD-90-0041, para que afectara las propiedades que tuvieran en ese momento o adquirieran en el futuro. En ese momento la Sra. Figueroa tenía inscrito en esa sección del Registro una propiedad inmueble.

La sentencia fue anotada el 19 de abril de 1995 en el Registro de Sentencias, pero sólo se hizo constar como deudor al Sr. Cruz Figueroa. El 29 de diciembre de 1995 la Sra. Marina Figueroa vendió la propiedad inscrita a su nombre por la suma de $77,000.00. En fecha posterior el Registrador aclaró la anotación y anotó la sentencia en cuanto a Marina Figueroa al extender la siguiente nota:

*"Se aclara la sentencia anotada a los efectos de hacer constar que la misma es en contra de don Cruz Figueroa Delgado y doña Marina Figueroa Hernández teniéndose a la vista el documento que motivó esta anotación".*

En vista de esos hechos, la apelante, señora Nelly Santiago, presentó moción de sentencia sumaria en la cual señalo que no existía controversia de hechos por tratarse de una falta en la inscripción de una sentencia, falta imputable al Registro de la Propiedad de Caguas. El demandado, Estado Libre Asociado, presentó oposición a la sentencia sumaria y solicitó también sentencia sumaria. Alegó que la función calificadora del Registrador es una función cuasi-judicial de carácter discrecional y el E.L.A. goza de inmunidad lo cual no puede generar una reclamación en contra del Estado.

El 25 de enero de 1999 Instancia emitió sentencia desestimatoria bajo el fundamento de que distintos Registradores habían calificado el documento y llegado a decisiones distintas lo que no daba margen a una reclamación contra el Estado por constituir ello una función calificadora, función ésta de carácter cuasi-judicial. También indicó Instancia que en vista de que la parte demandada tenía otros bienes inmuebles en la misma demarcación los demandantes podían cobrar su acreencia, o parte de ella, por lo que la acción en daños y perjuicios era especulativa.

Inconforme con la sentencia desestimatoria, apela la parte demandante y señala que Instancia incidió al determinar que los hechos *"se contraen a la actividad calificadora del Registrador"* y al extender inmunidad al Estado Libre Asociado. También señaló que constituye error el señalar que la demandante-apelante tiene la oportunidad de ejecutar sentencia en otros bienes de los demandados que obran en la misma demarcación. Arguye la parte apelante que no se trata de una actividad calificadora del Registrador sino de una acción con la cual incurrió en acción culposa, al inscribir la anotación de la sentencia.

# II

La inmunidad de un funcionario público contra la responsabilidad civil que pueda generar su conducta en el desempeño de sus deberes oficiales es una separada y distinta a la inmunidad del Estado. Las normas de inmunidad condicionada de los funcionarios públicos operan como una limitación de la responsabilidad civil personal de esos funcionarios dejando intacta la responsabilidad del Estado. *Romero Arroyo v. E.L.A.,* 127 D.P. R. 724 (1991).

En el caso ante nos el Estado Libre Asociado no ha invocado la doctrina de inmunidad condicionada. Invoca la inmunidad del Estado según se desprende de la Ley 104 del 29 de junio de 1955, 32 L.P.R.A. sec. 3065 *et seq.* Dispone esta disposición, en lo pertinente, que la mencionada ley no autoriza a las acciones de daños y perjuicios contra el Estado por actos u omisión de un funcionario, agente o empleado *"en el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción".* 32 L.P.R.A sec. 3081 (b).

En *Piñeiro Manzano v. E.L.A.,* 102 D.P.R. 795 (1974), nuestro Tribunal Supremo indicó que son funciones de carácter discrecional de los funcionarios del Estado Libre Asociado que gozan de inmunidad bajo las disposiciones del Art. 6 B, Ley Contra Reclamaciones Contra el Estado, *"las funciones de reglamentación del Estado, las funciones adjudicativas, las legislativas y las cuasi-judiciales".* Si en el caso que nos ocupa existe una función cuasi-judicial el Estado Libre Asociado no respondería por actos discrecionales de sus funcionarios aun cuando mediare abuso de discreción.

En *Feliciano Rosado v. Matos, Jr.,* 110 D.P.R. 550 (1981), al discutir la inmunidad judicial nuestro mas alto foro rechazó la doctrina de inmunidad judicial absoluta y reconoció como norma de excepción la responsabilidad de los jueces por actuaciones maliciosas y corruptas en el desempeño de su función judicial. En *Romero Arroyo v. E.L.A. supra,* se señaló que las consideraciones que dan margen a la doctrina de inmunidad de un fiscal son idénticas a las que justifican la inmunidad judicial.

En vista de lo expresado, hemos visto que la capacidad con que actúan los Registradores de la Propiedad en el desempeño de sus funciones es una de carácter cuasi-judicial, cuya función es de carácter discrecional y, por tanto, el Estado, su empleador, goza de inmunidad. Ello independiente de que se trate de una función calificadora.

La recurrente señala, además, en su apelación que los hechos *"en nada se refiere[n] a la actividad calificadora del Registrador y sí a hechos de la inscripción errónea o incompleta de un documento"* al dejar fuera de la anotación a una de las partes demandadas. Pero no es menester que resolvamos en este caso si lo ocurrido fue parte de la función calificadora para luego señalar que el Estado Libre Asociado goza de inmunidad. Como hemos visto, el Estado goza de inmunidad por razón de que se trata de una actuación cuasi-judicial del Registrador (discrecional) en el desempeño de su función. No obstante sobre la acción calificadora, véase 30 L.P.R.A. sec. 2267; *Rodríguez v. El Registrador,* **97 J.T.S. 12.** José María Chico y Ortiz, *Estudios Sobre Derecho Hipotecario,* Vol. II, Marcial Pons, Ediciones Jurídicas, S.A., 1994, pág. 59, al discutir tal concepto nos dice que la acción calificadora *"consiste en un juicio de valor no para declarar un derecho dudoso o controvertido sino para incorporar o no en el Registro una nueva situación inmobiliaria".*

En su segundo error la apelante sostiene que Instancia erró al indicar que la demandante tenía la oportunidad de ejecutar la sentencia en otros bienes de los demandados. La expresión precisa del Tribunal de Primera Instancia fue que *"teniendo la parte condenada por sentencia otros bienes inmuebles en la misma demarcación resulta obvio que lo demandantes pueden cobrar su acreencia o buena parte de ella por lo que la acción que reclama al Estado, de proceder, sería especulativo e impreciso".* Este segundo error tampoco fue cometido.

En nada perjudica la expresión que hiciera el Tribunal de Instancia; sin embargo, es claro, que si la parte demandante podía o no ejecutar su sentencia contra otros bienes de los demandados, Instancia no estaba en condiciones de saberlo al considerar la sentencia sumaria discutida. Además, ello era innecesario por razón de la inmunidad de que goza el Estado.

Por las consideraciones expresadas se confirma la sentencia emitida.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General